IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
v.                               )    No. 10-10004-01-WEB
                                 )
LAWRENCE L. BROADUS,             )
                                 )
                Defendant.       )
                                 )

## Memorandum and Order

This matter came before the court on the defendant's objection to the Presentence Report. The court orally denied the objection at the sentencing hearing of June 21, 2010. This written memorandum will supplement the court's oral ruling.

The defendant's sole objection asserts that there are grounds for a downward departure or variance from the advisory guideline range. Defendant argues that the circumstances warrant a reduction under USSG 5K2.11 because the offense was committed to avoid what the defendant perceived to be a greater harm. He says that his cousin was angry after being assaulted, and that his cousin might have used the gun to harm someone, so the defendant took the gun away from him and was in possession of it when the police arrived. Defendant further argues the circumstances of the offense and the factors in Section 3553(a) warrant a sentence of probation, which would allow the defendant to continue his education, and would allow him to continue working to assist his family, including his young children.

The Government opposes a reduction, arguing that at the time of the offense the defendant was at the scene of a disturbance involving a firearm, in the middle of the night, and

he tried to conceal himself from the police when officers arrived. It argues that the defendant has nothing other than his own statements to corroborate his version of events, and it argues that the facts set forth in the plea agreement do not support a reduction from the guideline range.

Section 5K2.11 allows for a variance when a crime is committed "to avoid a perceived greater harm," but the court concludes such a departure is not warranted here, because the defendant voluntarily placed himself in a situation where a confrontation was likely to occur. By his own account, the defendant made a decision to accompany his cousin, knowing that his cousin had been assaulted at a club and wanted to find the people involved in the disturbance. Regardless of who the gun actually belonged to, the defendant's possession of it was completely avoidable, and the court concludes that his conduct does not warrant a departure. The circumstances do not show a significantly diminished societal interest in deterring such behavior. *Cf. United States v. Garcia*, 189 Fed.Appx. 819 (10th Cir. 2006) (5K2.11 to be interpreted narrowly; noting that §922(g)(1) "draws the criminal line at possession rather than illicit purpose").

The court further concludes that a sentence at the low end of the guideline range is sufficient but not greater than necessary to meet the purposes of sentencing under Section 3553. The court notes that the defendant has a prior conviction for involuntary manslaughter, an offense involving a firearm that resulted in the accidental death of a person. As the Government points out, the defendant should have been acutely aware that he could not possess a firearm for any reason. Moreover, he was still on parole from that offense at the time of the instant offense. The need to provide adequate deterrence, the need to impose a sentence that reflects the seriousness of the offense, and the need to avoid unwarranted disparities among defendants with

similar records who have been found guilty of similar conduct, when weighed with the other Section 3553 factors, lead the court to conclude that a low-end sentence of 21 months is appropriate.

*Conclusion*.

Defendant's objection to the Presentence Report is DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.   IT IS SO ORDERED this   22nd   Day of June, 2010, at Wichita, Ks.

                                              s/ Wesley E. Brown
                                              Wesley E. Brown
                                              U.S. Senior District Judge